UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT D. JOHNSON II, | |
| Petitioner, | |
| v. | CAUSE NO. 3:18-CV-531-PPS-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Robert D. Johnson filed a habeas corpus petition challenging the decision of a Disciplinary Hearing Officer (ISP 18-03-0272) finding him guilty of possessing dangerous property. As a result, he was docked ninety days of earned good time credit and was demoted in credit class.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

On March 16, 2018, a prison investigator wrote a conduct report charging Mr. Johnson with possession of dangerous/deadly property:

> On 03/16/2018 at approximately 7:18 am, I&I N. Rodriguez was conducting a cell shakedown on cell CE-224 assigned to Offender Johnson, Robert #137290. While searching inside his folders located on his shelf I inspected an open packet of loose leaf notebook papers. Inside the pack of paper a homemade weapon was found and confiscated. Weapon is a sharpened piece of plexiglass measuring approximately 6.75 inches.

(Warden's Ex. A, ECF 6-1.)

In addition, another officer submitted a memorandum, stating she saw Officer Rodriguez find the weapon inside Mr. Johnson's cell. (Warden's Ex. A-3, ECF 6-4.)

At the disciplinary hearing, Mr. Johnson asked to see the evidence card, believing that his "DOC [number] seems [to have been] added after the fact[.]" (Warden's Ex. C, ECF 6-9.) Despite this challenge, on the basis of staff reports and photos, the disciplinary hearing officer found Mr. Johnson guilty of possession of dangerous property.  (*Id.*)

In his petition, Mr. Johnson raises two grounds for relief: (1) contrary to the Indiana Department of Corrections manual, the evidence card didn't contain his prisoner number when filed; and (2) the lay advocate wasn't permitted to properly represent him. In his reply brief, Mr. Johnson concedes that he hasn't exhausted his administrative remedies in relation to the second ground, "thereby waiving this issue for review." (ECF 9, Johnson Rep. Br. at 1.) Accordingly, his petition is limited to the first ground only.

Mr. Johnson points out that his IDOC number was added to the evidence card after it was filed. He argues that this omission renders the results of the disciplinary hearing void because a timely inclusion of the suspect's IDOC number on the evidence card is prescribed by IDOC's own policy.[1] In particular, the Policy and Administrative Procedures manual states that, among other things, at the minimum, the evidence card should contain suspect's "doc number." (ECF 9-1, Pet.'s Ex. A, Policy and Administrative Procedures 00-01-103 (2011).) He believes that by stating explicitly what is required in the evidence card, the manual created "a liberty interest, and must be followed." (ECF 9, Pet.'s Reply at 3.) He relies on *Gilbert v. Frazier*, 931 F.2d 1581 (7th Cir. 1991), to support his argument.

In *Gilbert*, a civil rights case, the Court of Appeals for the Seventh Circuit was faced with a question of:

> whether the regulations of the Illinois prison system governing minor disciplinary infractions (punishable by confinement in segregation for no more than seven days) confer a right classifiable as a form of "liberty" within the meaning of the due process clause of the Fourteenth Amendment. If so, the deprivation of this right is permissible only if the prisoner has received procedural safeguards designed to ensure (so far as is possible and reasonable) that he is not deprived of the right through error.

*Gilbert*, 931 F.2d at 1581. The Court found that the State of Illinois "established a definite, unqualified, nondiscretionary standard for determining when its prison officials may as a disciplinary measure take away a prisoner's right to the relatively

---

[1] Mr. Johnson suggests that delaying the entry of the suspect's IDOC number introduced confusion and error because he's just one of six R. Johnson's at the Indiana State Prison. He argues that the prohibited object must have belonged to another Johnson.

greater liberty of ordinary confinement, compared to the approximation to solitary confinement that is segregation." *Id.* at 1582. Consequently, in accordance with the Fourteenth Amendment due process clause, plaintiff was entitled to a hearing before the prison officials could impose a punishment. *Id.*

Mr. Johnson is confusing procedural rights in the IDOC manual with liberty interest, that is, with the procedural due process required by the Fourteenth Amendment. "That is to say, the *Gilbert* court found that Illinois created a liberty interest in not being placed in segregation absent due process. *Gilbert* never provided for the enforcement of state procedural rules, only that due process be afforded where the state created a liberty interest." *Outlaw v. Wilson*, No. 3:07 CV 54, 2007 WL 1295815, at *4 (N.D. Ind. Apr. 30, 2007). Here, Mr. Johnson hasn't shown that he was deprived of due process in violation of the Constitution. In fact, he was accorded all safeguards guaranteed by *Wolff*, 418 U.S. 539, and there was more than "some evidence" to find him guilty -- an officer found a weapon in his cell, another officer witnessed the discovery, and a picture of the weapon was presented to the disciplinary hearing officer. Therefore, even if, contrary to the IDOC manual, Mr. Johnson's IDOC number was added to the evidence card after it was already filed, Mr. Johnson cannot prevail. A violation of IDOC policy does not amount to a violation of Mr. Johnson's due process rights. *See Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process."). As the Supreme Court of the United States has found:

4

> The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. We have stated many times that federal habeas corpus relief does not lie for errors of state law.

*Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quotation marks and citations omitted). In short, Mr. Johnson's argument does not present a basis for a habeas corpus relief.

If Mr. Johnson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court DENIES, Robert D. Johnson's petition for writ of habeas.  The Clerk is DIRECTED to close the case.

SO ORDERED.

ENTERED: June 12, 2020.

   /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5